UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FARRAH M. BIG CROW;
ROBERT W. CLIFFORD; and
the OGLALA SIOUX TRIBE,

    Defendants.

CIV. 15-

**VERIFIED COMPLAINT**

---

The United States of America, United States Department of Housing and Urban Development (HUD), by and through its counsel, Brendan V. Johnson, United States Attorney, District of South Dakota, and Assistant U.S. Attorney Meghan K. Roche, hereby states and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1345 because the United States of America is the Plaintiff. The United States of America seeks to foreclose a loan made under the provisions of Section 184 of the Housing and Community Development Act (12 U.S.C. § 1715z-13a) and secured by a leasehold mortgage on real property held in trust for and leased to the Defendants.

2. Defendants Farrah M. Big Crow and Robert W. Clifford (Borrowers) are American Indians, and at the time relevant to this case were residents of Pine

1

Ridge, South Dakota.

3. Defendant, Oglala Sioux Tribe (OST), is a federally-recognized tribe under the Indian Reorganization Act of June 18, 1934, 25 U.S.C. § 479a-1. *See also* 79 FR 4748-02, 2014 WL 296753 (January 29, 2014) (notice listing tribes).

## **CLAIM FOR FORECLOSURE OF LEASEHOLD MORTGAGE**

4. The leasehold mortgage that is the subject of this foreclosure action is a residential leasehold interest in real property held in trust for or leased by OST, located in Shannon County, South Dakota, within the Oglala Sioux Indian Reservation.

5. On or about the dates indicated below, Borrowers, for value received, made, executed, and delivered to Wells Fargo Home Mortgage, Inc., a certain promissory note described as follows:

| EXHIBIT NO. | PRINCIPAL OF ORIGINAL NOTE | DATE OF ORIGINAL NOTE | RATE OF INTEREST |
|---|---|---|---|
| 1 | $63,283.00 | 05/05/2000 | 5.95% |

A true and correct copy of the promissory note is attached as **Exhibit 1**.

6. As part of the security for the note, the Borrowers made, executed, and delivered to Wells Fargo Home Mortgage, Inc., a leasehold mortgage described as follows:

| EXHIBIT NUMBER | DATE OF MORTGAGE | RECORDING DATE | BOOK & PAGE | EXHIBIT NO. OF NOTE SECURED |
|---|---|---|---|---|
| 2 | 05/05/2000 | June 22, 2000 | See BIA Certificate of Approval (Document #344 49407) | 1 |

2

A true and correct copy of the leasehold mortgage, including the signed Rider for Section 184 Mortgage, is attached as **Exhibit 2**. The leasehold mortgage was approved by the Bureau of Indian Affairs on June 19, 2000. A true and correct copy of the BIA's Certificate of Approval is attached as **Exhibit 3.** The leasehold mortgage was recorded in the Aberdeen Area Office of the Bureau of Indian Affairs (BIA), Aberdeen, South Dakota on June 22, 2000. A true and correct copy of the BIA Title Status Report dated March 31, 2014, is attached as **Exhibit 4**.

7. The leasehold mortgage encumbers the following described real property:

> LOT 15, BLOCK 30, LOCATED WITHIN THE SW1/4SE1/4NE1/4SW1/4,SE1/4SW1/4NE1/4 SW1/4, W1/2NESESW1/4, E1/4NW1/4SE1/4SW1/4, SECTION 7, T35N., R44W., 6TH PM, SD, CONTAINING 7.66 ACRES, MORE OR LESS.

8. A true and correct copy of Borrowers' lease agreement with OST, Lease No. 99-315, is attached as **Exhibit 5.**

9. Pursuant to an assignment, Plaintiff is the owner and holder of the promissory note and leasehold mortgage. A true and correct copy of the assignment is attached as **Exhibit 6**, and said assignment is indicated in the Title Status Report, Exhibit 4.

10. Borrowers are in default of the terms of the note and mortgage because they failed to make timely payments of principal and interest when due.

11. The note provides that failure to pay any of the debt when due constitutes default, and the Plaintiff may accelerate the debt. Exhibit 1,

paragraph 6. The mortgage provides that if there is a default in the performance or discharge of any obligation in the mortgage or the promissory note, the Plaintiff may accelerate the note and foreclose the mortgage as provided thereunder or by law. Exhibit 2, Acceleration, Paragraph 21.

12. Because of Borrowers' default, after notice, the maturity of the note was accelerated and all of the debt was declared immediately due and payable. A true and correct copy of the letters notifying the Borrowers of the default and acceleration of the debt if it was not paid are attached as **Exhibit 7**.

13. Because of Borrowers' default, Plaintiff is entitled to have the leasehold mortgage foreclosed and the leasehold interest sold in the manner prescribed by law and the proceeds applied in payment of the amounts due.

14. No other action at law or proceeding in equity or otherwise has been commenced or is now pending for the foreclosure of the mortgage or the collection of the debt secured thereby. All of the Borrowers' debt restructuring, mediation, and associated administrative rights have been exhausted and all relevant preconditions to initiation of the foreclosure proceeding, as set forth in the leasehold mortgage or security instrument, applicable law, and administrative regulations have been satisfied.

15. The amounts due on the note with interest accrued are as follows:

| EXHIBIT NUMBER OF PROMISSORY NOTE | UNPAID PRINCIPAL | UNPAID INTEREST FROM 12/01/2008 TO 04/09/2012 | EXPENSES DUE | TOTAL AMOUNT OF DEBT OWED |
|---|---|---|---|---|
| 1 | $60,671.93 | $12,115.69 | $7,132.72 | $79,920.34 |

16. Plaintiff is entitled to all proper costs incurred by Plaintiff from the time this Complaint was filed to the conclusion of this action. The note and mortgage provide that the Plaintiff may at any time pay any amounts required to be paid by the Borrower and not paid by them when due, as well as any costs and expenses for the preservation, protection, or enforcement of the Plaintiff's lien as advanced for the account of the Borrowers, and that all such amounts shall bear interest at the rate provided in the promissory note secured. During this action Plaintiff may need to make such advances.

17. This action is limited to foreclosing on the leasehold interest in real property that secured the debt; such an *in rem* proceeding is not subject to the statute of limitations in 28 U.S.C. § 2415(a). Plaintiff is not seeking a deficiency judgment and thus will bid only the debt balance on the date of sale.

18. The whole of said mortgaged premises constitutes one distinct tract and parcel, has been and is now used as such, and the same is so situated that the sale thereof in one parcel will be to the advantage of all parties having an interest therein.

19. By virtue of the lease with Borrowers attached as Exhibit 5, Defendant OST, may claim a right of first refusal to acquire the Borrowers' interest in the property upon payment of all sums in arrears, and either payment of the balance of the loan or assumption of the mortgage. Said right of first refusal may be exercised within thirty (30) days after notice in writing from the lender of the Borrowers' default, however, Borrowers have fifteen (15) days from

the date of the notice to cure default. By letter dated October 19, 2010, a copy of which is attached as **Exhibit 8**, OST was notified of Borrowers' default and has declined to exercise said right of first refusal. No claim is made against this Defendant.

20. There are no other liens or interests in real estate of record with the BIA on the leasehold interest that is the subject of this action. *See* Exhibit 4.

21. Borrowers executed a short-term redemption mortgage and agreed that the provisions of the "One Hundred Eighty Day Redemption Mortgage Act" (SDCL 21-49-12, et al) govern this mortgage. Therefore, the United States requests that the Court order the leasehold interest in the property to be sold by United States Marshal with redemption rights as set forth in the statute and the mortgage.

22. No personal claim is made against any defendant other than the Borrowers.

23. All relevant requirements and conditions prescribed in (i) Title 38 U.S. Code, Section 3761 and HUD statutes, rules, and regulations and the protections within the lease have been complied with.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor as follows:

1. Judgment be entered against the leasehold interest and the Borrowers, jointly and severally, in the amount of $79,920.34 as of April 9, 2012,

together with any additional sums advanced, costs expended herein, and interest accruing thereon.

2.   A Decree of Foreclosure and Sale be entered directing the sale of the mortgaged leasehold interest as provided by law, with redemption rights as provided by law and the mortgage, and to apply the proceeds as follows: (a) to the costs and expenses of sale; (b) to the payment of the costs and disbursements taxed in the action in which the sale is made; (c) to payment on the debt adjudged by the Court to be due; (d) to pay the surplus, if any, into Court for the use of the Borrower or the person entitled thereto, subject to the order of the Court.

3.   The Court determine the lien priority of the parties and order the distribution of any excess proceeds according to such priority.

4.   All Defendants, together with each and every person or entity claiming under them or claiming any lien or encumbrance of any kind or character upon or against said real property subsequent in time or in priority, or both, to the liens of the Plaintiff's leasehold mortgage, and all persons claiming to acquire any right, title, or interest in and to said real property or any part thereof subsequent to the filing in the Aberdeen Area Office of the BIA be barred and foreclosed of and from all rights, title, or interest in and to said property.

5.   Plaintiff be awarded or otherwise reimbursed for the costs and disbursements of this action.

6.   Plaintiff be allowed to bid the debt due on the date of sale, with costs

and disbursements taxed in the action in which the sale is made, and costs and expenses of the sale.

7. That the Court order such other and further relief as may be just and equitable.

Dated: January 28, 2015.

>BRENDAN V. JOHNSON
>UNITED STATES ATTORNEY
>
>_____
>Meghan K. Roche
>Assistant United States Attorney
>PO Box 2638
>Sioux Falls, SD 57101-2638
>605-357-2343
>Meghan.Roche@usdoj.gov

## **VERIFICATION**

I, Thomas C. Wright, hereby verify and declare under penalty of perjury that I am an employee of the Department of Housing and Urban Development; that I have read the foregoing Verified Complaint and know the contents thereof; that the matters contained in the Complaint are true to my own knowledge, except that any matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 22 day of January, 2015.

*Thomas C. Wright*
Thomas C. Wright, Director
Office of Loan Guarantee
Office of Native American Programs
U.S. Dept. of Housing & Urban Development
451 7th St. S.W., Room 4230
Washington, DC 20410