UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

**FILED**

**MAR 0 2 2016**

*********************************************************************

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CIV 15-5008 |
| Plaintiffs, | * | |
| | * | |
| v. | * | MEMORANDUM OPINION AND ORDER |
| | * | DENYING DEFENDANTS' MOTION |
| FARRAH M. BIG CROW; ROBERT W. | * | TO DISMISS |
| CLIFFORD; and THE OGLALA SIOUX | * | |
| TRIBE | * | |
| | * | |
| Defendants. | * | |
| | * | |

*********************************************************************

Before the Court is Defendants' (the "Tribe") motion to dismiss the United States' (the "Government") complaint under Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Tribe's motion is denied.

## BACKGROUND

Defendants Big Crow and Clifford (the "Borrowers") effectuated a promissory note and mortgage to Wells Fargo for $63,283.00. The mortgage was secured by Defendant Oglala Sioux Tribe's leasehold interest in the Trust land leased to the Borrowers. The mortgage between Wells Fargo and the Borrowers was pursuant to Section 184 of the Housing and Community Development Act (the "Act"), which is codified at 12 U.S.C § 1715z-13a.[1] Under a Section 184 loan, the federal government is the guarantor.

---

[1] The Section of the Act relevant to this case reads,

> In the event of a default by the borrower on a loan guaranteed under this section involving a security interest in restricted Indian land, the mortgagee or the Secretary shall only pursue liquidation after offering to transfer the account to an eligible tribal member, the tribe, or the Indian housing authority serving the tribe or tribes. If the mortgagee or the Secretary subsequently proceeds to liquidate the account, the mortgagee or the Secretary shall not sell, transfer, or otherwise dispose of or alienate the property except to one of the entities described in the preceding sentence.

12 U.S.C § 1715z-13a(h)(2).

The Borrowers defaulted on the mortgage and Wells Fargo, as mortgagee, accelerated the loan. *See* Notice of Default Letters, Doc. 1-7, at 1-12. The final Notice of Default Letter was sent to the Borrowers by Wells Fargo on February 1, 2009. Doc. 1-7 at 11-12. On October 19, 2010, Wells Fargo notified the Tribe of its right of first refusal relative to the defaulted property. Right of First Refusal Letter, Doc. 1-8. Thereafter, Wells Fargo transferred its interest in the mortgage to the Secretary of the Department of Housing and Urban Development (HUD). The Government then filed its verified complaint to foreclose upon the defaulted property on February 4, 2015. On February 7, 2015, the Tribe filed its motion to dismiss.

## STANDARD OF REVIEW

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Crow Creek Sioux Tribe v. Bureau of Indian Affairs*, 463 F. Supp. 2d 964, 966 (D.S.D. 2006). "'The party claiming federal subject matter jurisdiction has the burden of proving it exists.'" *M.J. Farms, Ltd. v. U.S. Fish and Wildlife Service*, 593 F. Supp. 2d 907, 910 (W.D. La. 2008) (quoting *People's Nat'l Bank v. Office of Comptroller of Currency*, 362 F.3d 333, 336 (5th Cir. 2004)). "A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction." *Middlebrooks v. U.S.*, 8 F. Supp. 3d 1169, 1173 (D.S.D. 2014) (citing *Osborn v. U.S.*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). Under a facial challenge, the reviewing court examines the complaint to determine if the plaintiff has satisfactorily alleged grounds for subject matter jurisdiction. *Id.* The nonmoving party is afforded the same protections she would receive were she defending against a Rule 12(b)(6) motion. *Id.* A factual challenge, on the other hand, tests the factual basis the nonmoving party has asserted for subject matter jurisdiction. Matters outside of the pleadings may be considered by the reviewing court and the nonmoving party is afforded no Rule 12(b)(6)-type protections.[2] *Id.*

Under Rule 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), cited in *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (-8th Cir.

---

[2] The Tribe does not specify whether its Rule 12(b)(1) motion to dismiss is a facial or factual challenge. Nothing in the briefs, however, challenges the Government's facts as alleged in the complaint. Instead, the Tribe focuses its arguments on the failure of the Government to satisfy a prerequisite to subject matter jurisdiction. That being the case, the Court will treat the motion as a facial attack under Rule 12(b)(1) and will grant to the Government the protections afforded it under Rule 12(b)(6).

2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although a plaintiff in defending a motion under Rule 12(b)(6) need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555–556 & n. 3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

The consequences of labelling a rule as "jurisdictional" can be drastic. As a result, the Supreme Court has attempted to bring discipline to the term's usage. "[The Supreme Court has] urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory, [] should not be given the jurisdictional brand." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) (citations omitted). That is because "Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212-13, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (citation omitted). Even statutes that operate to compel action are not necessarily jurisdictional in nature. The Supreme Court has "rejected the notion that 'all mandatory prescriptions, however emphatic, are . . . properly typed jurisdiction.'" *Henderson*, 562 U.S. at 435 (quoting *Union Pacific R. Co. v. Brotherhood of*

*Locomotive Engineers and Trainmen General Committee of Adjustment, Central Region*, 558 U.S. 67, 81, 130 S.Ct. 584, 175 L.Ed.2d 428 (2009)) (ellipsis in original).

> [A] complaint which alleges the existence of a federal question establishes jurisdiction, so that a dismissal for lack of jurisdiction is appropriate only when the court decides that a claim is frivolous or insubstantial, i.e., a claim that has no plausible foundation, or when the court concludes that a prior Supreme Court decision clearly forecloses the claim.

*Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977). The Government's complaint adequately pleads subject matter jurisdiction. "'[T]he Secretary [of HUD] is authorized to foreclose on any property or commence any action to protect or enforce any right conferred upon him by . . . law. . . .'" *U.S. on Behalf of U.S. Dept. of Housing & Urban Development v. Jones-Williams*, 870 F. Supp. 90, 94 (M.D. Penn. 1994) (quoting 42 U.S.C. § 3535(i)(1)) (alterations in original). "'[F]ederal law governs questions involving the rights of the United States arising under nationwide federal programs.'" *Id.* (quoting *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979)) (alteration in original). The Tribe, while citing to Section 184 of the Act, 12 U.S.C § 1715z-13a(h)(2), fails to cite to any case law offering an interpretation of subject matter jurisdiction under the Act favorable to its argument. Insofar as the Act is federal law, the Court finds that it has subject matter jurisdiction to adjudicate the matter before it. *U.S. v. Crow Eagle*, No. CIV 10-3004-RAL, 2010 WL 3942849, at *2 (D.S.D. Oct. 5, 2010) (interpreting the Act, the court held that it "ha[d] jurisdiction over th[e] case, because it [was] a proceeding commenced by the United States. 28 U.S.C. § 1345. In [the] action, the United States [sought] to foreclose a loan made under the Housing and Community Development Act, 12 U.S.C. § 1715z-13a."). The Tribe's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is denied.

As to the Tribe's motion under Rule 12(b)(6), the Tribe, again citing to no case law, argues that the Government failed to allege compliance with the requirements of 12 U.S.C. § 1715z-13a(h)(2) and, thus, failed to properly state a claim. Specifically, the Tribe argues that the Government has begun its pursuit of liquidation prior to "offering to transfer the protected interests to eligible tribal members, the Tribe, and the Indian housing authority serving the Tribe." Tribe's Brief in Support of Motion to Dismiss, Doc. 13, at 6 (citing 12 U.S.C.A. § 1715z-13a(h)(2); 24 C.F.R. § 1005.107(b)(3)). The Court does not agree.

The Tribe misstates the law. Under 12 U.S.C. § 1715z-13a(h)(2), a mortgagee or the Secretary of HUD "shall only pursue liquidation after offering to transfer the account to an eligible tribal member, the tribe, *or* the Indian housing authority serving the tribe or tribes." 12 U.S.C. § 1715z-13a(h)(2) (emphasis added). Thus, contrary to the Tribe's assertion, the Act lists the eligible transferees, to whom the mortgagee or Secretary must present the offer, in the disjunctive, not the conjunctive. Plainly, the Act contemplates as mandatory an offer being made to any one of the designated transferees, but not all three. Here, a Right of First Refusal Letter was sent by Wells Fargo to the Tribe on October 19, 2010. Doc. 1-8. In the letter, the Tribe was informed that it had the right to "acquire the lessee's [the Borrower's] interest in the property[.]" *Id.* Notifying the Tribe of its right to acquire the rights to the defaulted property satisfied the command of 12 U.S.C. § 1715z-13a(h)(2) that the offer be made to either "an eligible tribal member, the tribe, or the Indian housing authority serving the tribe or tribes."

Next, the Tribe asserts that Wells Fargo's offer of transfer does not satisfy an additional requirement of 12 U.S.C. § 1715z-13a(h)(2) and, instead, it is the Secretary of HUD that must make the offer. Again, however, based on the plain language of the Act, the Tribe is incorrect. According to the Act, "In the event of a default by the borrower on a loan guaranteed under this section involving a security interest in restricted Indian land, *the mortgagee or* the Secretary shall only pursue liquidation[.]" 12 U.S.C. § 1715z-13a(h)(2) (emphasis added). Thus, Wells Fargo, as the original mortgagee, offering to transfer the account to the Tribe satisfied the Act's requirement. The Tribe asserts that, instead of being pursuant to the Act, Wells Fargo's offer was made under the mortgage agreement. *See* Doc. 1-8 ("Notice of Lessor Right of First Refusal"). The Court is unpersuaded. The Act itself draws no such distinction. The only requirement is that either the mortgagee or the Secretary of HUD offer to transfer the account. The first option was satisfied when Wells Fargo, the mortgagee, offered the Tribe a right of first refusal. Based on a plain reading of the Act, Wells Fargo's transfer is all that was required. Moreover, Section 184 of the Act, which the Tribe asserts was not complied with, was effectively assimilated into the mortgage agreement. *See* "Rider for Section 184 Mortgage", Doc. 1-2 at 7 (the Rider). The Rider itself purports to be "incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ('Security Instrument') of the same date given by the undersigned ('Borrower') to secure Borrower's Note ('Note') to Wells Fargo Home Mortgage,

5

Inc." *Id.* Thus, offering to transfer the account pursuant to the mortgage agreement would simultaneously satisfy the requirements of 12 U.S.C. § 1715z-13a(h)(2).

The Tribe is correct when it asserts that "[t]here is no ambiguity in the statute." Tribe's Reply Brief, Doc. 15, at 6. Either the mortgagee or the Secretary may make the offer of transfer. Here, the mortgagee, Wells Fargo, made such an offer. The Tribe seems to assert, however, that the lack of an ambiguity is the equivalent of reading the relevant disjunctive language in the conjunctive. The Tribe is plainly incorrect. Ultimately, the Tribe has not directed the Court to any primary authority, other than the Act itself, to support its claims. Such being the case, the Court need only apply the plain, unambiguous language of the statute to the facts presented.

As far as the Court is aware, the scope and application of 12 U.S.C. § 1715z-13a, generally, has been under-litigated. What is clear, however, is that "[t]he program was designed primarily to overcome the reluctance of lenders to lend on tribal trust land, which cannot be encumbered or alienated. A loan guarantee under Section 184 may be used to purchase or rehabilitate an existing house, purchase manufactured housing, or construct new housing." Brian L. Pierson, Developing Affordable Housing in Indian Country, J. Affordable Housing & Community Dev. L., Spring/Summer 2010, at 367, 383. Further, under 12 U.S.C. § 1715z-13a,

> lenders have the option to pursue foreclosure actions and either resell the property thereafter, subject to restrictions against alienation imposed by the affected tribe, or assign the loan post-foreclosure to HUD for the 100 percent guarantee. Also, without seeking a judicial foreclosure, the lender can immediately assign the loan to HUD upon the occurrence of a ninety-day default if HUD determines that such preforeclosure assignment "is in the best interest of the United States."

John McGee Ingram, Home Ownership Opportunities in Indian Country, J. Affordable Housing & Community Dev. L., WINTER 1998, at 164, 173. Viewing the facts in the light most favorable to the nonmoving party, the Court is not convinced that the Government has not complied with the requirements of the Act related to foreclosure.

Finally, the Tribe argues that it "has the right to reject any purchaser at a foreclosure sale other than the Secretary of HUD." Tribe's Reply Brief, Doc. 15, at 9. This argument, however, is premature. A foreclosure sale has yet to occur. The Court is not yet positioned to rule on the propriety of a future event. As such, the Court rejects the Tribe's Rule 12(b)(6) argument on this point.

## CONCLUSION

The Court finds that it has subject matter jurisdiction over this matter. It is a claim for foreclosure brought by the United States pursuant to a federal statute. In addition, applying the plain language of 12 U.S.C. § 1715z-13a(h)(2), Section 184 of the Housing and Community Development Act was satisfied when Wells Fargo, as mortgagee, offered to transfer the interest of the Lessee-Borrowers in the defaulted property to the Tribe. Accordingly,

IT IS ORDERED that the Defendants' motion to dismiss under Rules 12(b)(1) and (6), Doc. 12, is denied.

Dated this 2nd day of March, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                DEPUTY

7