UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
OCT 31 2016

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FARRAH M. BIG CROW, ROBERT W. CLIFFORD; and THE OGLALA SIOUX TRIBE,<br><br>Defendants. | CIV. 15-5008-LLP<br><br>**ORDER OF DEFAULT JUDGMENT AND DECREE OF SALE** |

This matter having come before the Court on Plaintiff's Motion for Default Judgment and Decree of Sale (Docket 34) against the Borrowers pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Court having considered the pleadings filed in this action, and having concluded that no genuine issue exists as to any material facts, the Court now therefore enters this Judgment of Foreclosure and Decree of Sale. Accordingly, it is

ORDERED, ADJUDGED, AND DECREED that Plaintiff shall have Judgment as follows:

<u>Judgment Against Borrowers</u>

1.  Plaintiff shall have and recover judgment against Defendants Farrah M. Big Crow and Robert W. Clifford ("Borrowers") for the principal sum of $79,920.34, together with interest as provided by law, plus any additional sums advanced in relation to this action.

Interest will continue to accrue at the legal rate after judgment until paid pursuant to 28 U.S.C. § 1961(a).

### Judgment of Foreclosure

2. Plaintiff shall have and recover judgment of foreclosure upon the leasehold interest described as:

> LOT 15, BLOCK 30, LOCATED WITHIN THE SW1/4 SE1/4 NE1/4 SW1/4, SE1/4 SW1/4 NE1/4 SW1/4, W1/2 NESESW1/4, E1/4 NW1/4 SE1/4 SW1/4, SECTION 7, T35N., R44W., 6TH PM, SD, CONTAINING 7.66 ACRES, MORE OR LESS.
>
> All of Borrowers' right, title, and interest in and to a lease agreement for an original term of 25 years, automatically extended for an additional term of 25 years, dated December 21, 1999, between the Oglala Sioux Tribe as lessor and owner, and Farrah Big Crow and Robert Clifford, Sr., as lessees, including any extensions and renewals thereof.

3. Judgment against the leasehold interest shall be in the amount of $79,920.34 in principal, together with interest as provided by law, plus any additional sums advanced, costs incurred and accruing in relation to this action. The interest of Borrowers and all persons or entities that hold junior liens, encumbrances, and interests in such property shall be foreclosed.

Interest will continue to accrue at the legal rate after judgment until paid, pursuant to 28 U.S.C. § 1961(a).

4. The liens, encumbrances, interests and/or claims of all defendants in the real property described herein are junior to and inferior to the mortgage of Plaintiff.

### Decree of Sale as to the Leasehold Interest in the Real Property

5. The leasehold interest in real property legally described as follows:

> LOT 15, BLOCK 30, LOCATED WITHIN THE SW1/4 SE1/4 NE1/4 SW1/4, SE1/4 SW1/4 NE1/4 SW1/4, W1/2 NESESW1/4, E1/4 NW1/4 SE1/4 SW1/4, SECTION 7, T35N., R44W., 6TH PM, SD, CONTAINING 7.66 ACRES, MORE OR LESS.
>
> All of Borrowers' right, title, and interest in and to a lease agreement for an original term of 25 years, automatically extended for an additional term of 25 years, dated December 21, 1999, between the Oglala Sioux Tribe as lessor and owner, and Farrah Big Crow and Robert Clifford, Sr., as lessees, including any extensions and renewals thereof.

shall be sold at auction only to a member of the Oglala Sioux Tribe, the Oglala Sioux Tribe itself, or the Oglala Sioux Tribal Housing Authority, with the net proceeds applied to the judgment herein pursuant to regulation. Plaintiff shall be allowed to bid the debt due on the date of sale, with costs and disbursements taxed in the action in which the sale is made, and costs and expenses of the sale.

6. Excluding any senior lienholders, the following persons and entities shall be barred and foreclosed of, and from, all rights, title and interest in said property: (a) all defendants, together with each and every person or entity claiming under them; (b) all persons claiming any lien or encumbrance of any kind or character upon, or against, the real estate, that is subsequent in time or priority, or both, to the lien created by Plaintiff's leasehold mortgage; and (c) any and all persons claiming to have acquired any right, title, or interest in, and to the real property.

7. A decree of sale is entered and, after advertising the property for sale in the manner required by law, the United States Marshal is directed to sell the herein described leasehold interest in real estate in the manner provided by law. Immediately after the Court issues an Order Confirming Sale, the United States

Marshal shall forthwith execute and deliver a Marshal's Deed to the purchaser(s) subject to the Borrowers' right of redemption provided by the mortgage and by SDCL 21-49-12, also known as the "One-Hundred Eighty Day Redemption Mortgage Act."

8. Borrowers are hereby ordered to peacefully cooperate with the United States Marshal and any persons acting in concert with the Marshal during the course of the sale process, and shall peacefully deliver possession of the premises sold to the buyer upon the expiration or purchase of their right to redemption.

9. The proceeds from the sale of the real estate shall be applied as follows:

   (a) To the costs and expenses of the sale;
   (b) To the payment of the costs and disbursements taxed in this action;
   (c) In order or priority, toward the discharge of the debt adjudged by the Court to be due;
   (d) To pay the surplus, if any, into the Court for the use of the Defendant, or the person entitled to the surplus, subject to the order of the Court.

10. Plaintiff, United States of America, shall be entitled to recover all taxable costs herein in the amount of $_____, which are to be taxed by the Clerk of the Court as provided by law.

Dated this 31st day of October, 2016.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
            Deputy